**NOT PRECEDENITAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1672
_____

EDWARD R. ZAMPELLA,

Appellant

v.

COMMISSIONER OF INTERNAL REVENUE

_____

On Appeal from the Record of
the United States Tax Court
(Tax Court Docket No.:  11-2488)
Trial Judge:  Honorable Robert N. Armen, Jr.

_____

Argued on March 5, 2014

Before:  RENDELL, SMITH and HARDIMAN, Circuit Judges

(Opinion filed:  April 4, 2014)


Frank Agostino, Esquire
Lawrence M. Brody, Esquire **(Argued)**
Agostino & Associates
14 Washington Place
The Bank House
Hackensack, NJ   07601

Counsel for Appellant

Gary R. Allen, Esquire
Robert J. Branman, I, Esquire **(Argued)**
Richard Farber, Esquire
Kenneth R. Rosenberg, Esquire
United States Department of Justice
Tax Division
950 Pennsylvania Avenue, N.W.
P. O. Box 502
Washington, D.C.   20044

Counsel for Appellee

---

O P I N I O N

---

**RENDELL**, <u>Circuit Judge</u>:

Edward Zampella appeals from the Tax Court's decision sustaining the

determination of the Commissioner of Internal Revenue that denied him the first-time

homebuyer credit on his 2008 tax return.  The Commissioner found that Edward's

acquisition of property did not meet the definition of "purchase" under 26 U.S.C §

36(c)(3)(A)(i) because he acquired the property from a "related person", and thus, is not

entitled to the tax credit.  The Tax Court agreed.  For the reasons set forth below, we will

affirm the decision of the Tax Court.

## I. *Background*

### a. *Factual Background*[1]

Maria Lee Zampella died on September 24, 2008.  She left her entire estate to her

two sons, Edward and Arthur Zampella, "to be divided equally, share and share alike."

---

[1] As noted by the Tax Court, the parties stipulated as to these facts.

(A. 49.) Her Estate included a home located at 28 Schelly Drive, Middletown, NJ ("the Property"). She also appointed her two sons as co-executors and beneficiaries of her Estate.

Immediately following Maria Zampella's death, her Estate had the Property appraised at a value of $430,000. Edward desired to own the Property and issued four checks totaling $215,000 payable to Arthur Zapolski. All of the checks were deposited into the trust account of Zapolski, identified as the "Settlement Agent." (A. 56.) Arthur Zampella was then issued a check in the amount of $215,000 from the trust account and a Deed for the Property was issued to Edward.

The Deed lists the Grantor as "Edward R. Zampella and Arthur F. Zampella individually and as Co-Executors of the Estate of Maria Lee Zampella," and the Grantee as "Edward R. Zampella." (A. 50-51.) Additionally, a HUD-1 Settlement Statement was executed, which identified the seller as "Edward R. Zampella and Arthur F. Zampella as Co-Executors and beneficiaries of the Estate of Maria Lee Zampella," and the borrower as "Edward R. Zampella." (A. 56.)

Following this transaction, Edward claimed the first-time homebuyer's credit ("FTBHC") of $8,000 on his 2008 tax return.[2] On January 26, 2011, the Commissioner of Internal Revenue (hereinafter "IRS") sent Edward a notice of deficiency on account of his ineligibility for the FTHBC. Following receipt of the notice, Edward filed for redetermination with the Tax Court.

---

[2] 26 U.S.C. § 36(g) permits a taxpayer who makes a qualifying purchase in 2009 to treat the purchase as if it were made on December 31, 2008.

b. *Tax Court Opinion*

The Tax Court began its analysis by explaining the parameters of the FTHBC in 26 U.S.C. § 36, which allows up to an $8,000 credit to be claimed against an individual's Federal income tax. To be eligible an individual must qualify as a first-time homebuyer who "purchased" a principal residence between April 9, 2008 and May 1, 2010.

Elaborating on the FTHBC guidelines, the Tax Court noted the following:

> Section 36(c)(3)(A)(i) defines 'purchase' for purposes of the FTHBC as 'any acquisition, but only if * * * the property is not acquired from a person related to the person acquiring such property.' Siblings are excluded from the definition of related persons for FTHBC purposes. [26 U.S.C. §§] 36(c)(5), 267(b)(1), (c)(4). However, under section 36(c)(5), related persons generally include an executor of an estate and a beneficiary of such estate. Sec. 267(b)(13).

(A10.)

Edward urged that he had acquired the Property from his brother, i.e. a sibling, who is not a related person. However, the Tax Court agreed with the IRS's position that Edward had acquired the residence from a related person, namely, the executors of the Estate, under 26 U.S.C. § 36(c)(5), which disqualified him from receiving the FTHBC. The Tax Court relied upon the Deed listing Edward and Arthur as "Grantor" in their representative capacities as co-executors. Similarly, the Tax Court noted that they were identified in the HUD-1 Settlement Statement under "Seller" as co-executors and both signed as "Seller".

The Tax Court considered that Edward "urges us to treat his acquisition of the residence as a bifurcated transaction such that he acquired only a one-half interest" from

4

the Estate and the other "one-half interest from his brother directly." (A11.) The Tax Court refused to do so, writing that "the record indicates that petitioner acquired the residence from an executor of the Estate and the substance of the transaction accords with its form." (*Id*.)

## II. *Jurisdiction and Standard of Review*

The Tax Court had jurisdiction pursuant to 26 U.S.C. §§ 7442, 6214(a). We have jurisdiction pursuant to 26 U.S.C. § 7482(a). We review de novo the legal conclusions of the Tax Court, while reviewing its factual findings for clear error. *ACM Partnership v. Commissioner*, 157 F.3d 231, 245 (3d Cir. 1998).

## III. *Discussion*

As stated by the Tax Court, 26 U.S.C. § 36 allows a first-time homebuyer to claim the FTHBC on the individual's Federal income tax. The FTHBC can be equal to 10 percent of the "purchase price" of the residence, but cannot exceed $8,000. 26 U.S.C. § 36(a), (b)(1)(A). "First-time homebuyer" is "any individual [who] had no present ownership interest in the principal residence during the 3-year period ending on the date of the purchase". *Id*. at (c)(1). "Purchase price" is defined as "the adjusted basis of the principal residence on the date such residence is purchased." *Id*. at (c)(4). Most importantly, "purchase" is defined as "any acquisition, but only if-- (i) the property is not acquired from a related person, and (ii) the basis of the property in the hands of the person acquiring such property is not determined . . . under section 1014(a) (relating to property acquired from a decedent)." *Id*. at (c)(3)(A)(i), (ii)(II). The definition of

5

"related persons" in the statute exempts siblings, but includes "an executor of an estate and a beneficiary of such estate." 26 U.S.C. §§ 36(c)(5), 267(b)(13).

Edward argues the Tax Court erred by not applying New Jersey law to this transaction. Relying primarily on the case of *Matter of Will of Gardner*, Edward argues that upon his mother's death, actual ownership of one-half interest in the Property passed to him and one-half interest passed to his brother. 522 A.2d 492 (N.J. Super. Ct. App. Div. 1987) ("It is clear that title to real estate vests in a devisee upon the testator's death even before admission of the will to probate." (internal quotations omitted)). Thus, he urges, "[t]he Estate could not have sold the property to [him], because [his] brother" already owned the half-interest Edward later purchased from him. Appellant's Br. at 9. However, as Appellee points out, *Gardner*—along with the other cases Edward cites— relates to a vesting of an interest in property, not ownership.[3] Indeed, in *Gardner*, the issue was whether a third party, who had acquired the rights in a property from a devisee to a contested will, could intervene in the court action resolving the matter. The Court determined that intervention should have been allowed because the third party had more than an expectancy interest. *Gardner*, 522 A.2d at 497. Consequently, we do not view *Gardner* as standing for the proposition that title passed to Edward and his brother immediately upon the death of their mother.

---

[3] We note that Edward relies on other cases to support his contention. *See I.E.'s L.L.C. v. Simmons*, 921 A.2d 483, 489 (N.J. Super. Ct. Law. Div. 2006) ('Title to real estate vests in heirs immediately upon the testator's death, even before the will is probated.)"). After review, we find no authority that establishes anything other than a vested interest in a beneficiary or devisee upon the death of a testator, rather than actual ownership.

We conclude that the Tax Court correctly determined that Edward Zampella acquired the Property from the executors of his mother's Estate. The documentation attendant to the transfer accords with this determination. Edward was listed, along with his brother, in his representative capacity as a co-executor, as "Grantor" on the Deed and "Seller" on the HUD-1 Settlement Statement. (A. 50-51, 56.) In addition, Edward was listed individually as "Grantee" on the Deed and "Borrower" on the HUD-1 Settlement Statement. (*Id.*)

Edward also urges that we should look to the substance of the transaction, not its form. *See Frank Lyon Co. v. United States*, 435 U.S. 561, 573 (1978) ("In applying this doctrine of substance over form, the Court has looked to the objective economic realities of the transaction rather than to the particular form the parties employed."); *see also Rumsfeld v. United Technologies Corp.*, 315 F.3d 1361, 1376 (D.C. Cir. 2003) ("[W]hile the taxpayer is bound by the form of the transaction that it has selected, the taxpayer's use of a particular form will not prevent the government from looking to its substance."). However, aside from the fact that Edward paid one-half the value of the property, rather than the entire value, the substance of the transaction was that Edward acquired the Property from the Estate. The Deed was executed with both executors as Grantor and the money was exchanged in accordance with the HUD-1 Settlement Statement listing Arthur Zapolski as "Settlement Agent." We see no basis for disturbing the findings of the Tax Court.

In sum, Edward does not qualify as a first-time homebuyer because the documentation substantiates the Tax Court's findings that he acquired the Property from

his mother's Estate. Accordingly, Edward did not purchase the Property within the meaning of 26 U.S.C. § 36(c) and thus, cannot claim the FTHBC.

## **VI.** *Conclusion*

For the foregoing reasons, we will affirm the ruling of the Tax Court.